UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN HAMILTON, | Case No. 1:25-cv-00979-CDB |
| Plaintiffs, | ORDER DENYING COUNSEL FOR PLAINTIFF'S MOTION TO WITHDRAW |
| v. | (Doc. 28) |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | ORDER VACATING HEARING |

**<u>Background</u>**

On August 7, 2025, Plaintiff Elvin Hamilton initiated this action with the filing of a complaint asserting causes of action against Defendant County of Kern and others under 42 U.S.C. § 1983 and state law, arising out of a traffic stop that occurred on February 27, 2025. (Doc. 1 at 4-6).

On November 19, 2025, the Court granted Defendants' unopposed motion to stay proceedings pending the resolution of the criminal matter arising out of the same incident. (Doc. 22). On February 25, 2026, the parties filed a joint report providing that the criminal matter was dismissed and that Plaintiff's counsel had recently learned that Plaintiff no longer wished to be represented by current counsel and was seeking to retain new counsel. (Doc. 24). The following day, after considering the parties' representations and balancing the competing equities, the Court lifted the stay and ordered the parties to appear for scheduling conference on March 17,

2026. (Doc. 25). Following the scheduling conference, the Court granted counsels' joint request to continue proceedings to permit time for Plaintiff to retain new counsel and file a notice of appearance. (Doc. 27).

On March 30, 2026, the law firm of Kirakosian Law, APC, counsel for Plaintiff, filed a motion to withdraw as counsel, supported by a declaration from Greg L. Kirakosian. (Docs. 28, 28-1). In their motion, counsel state that withdrawal is warranted under California Rule of Professional Conduct 1.16(b)(4) because Plaintiff's persistent failure to communicate with counsel has rendered it unreasonably difficult to carry out the representation effectively. (Doc. 28 at 6). Counsel assert that Plaintiff's "pattern of conduct … has made it impossible for [c]ounsel to fulfill its obligations to Plaintiff," and that counsel cannot asses the criminal matter, nor advise Plaintiff regarding civil proceedings, nor prepare the case for the scheduling conference without Plaintiff's cooperation. *Id.* at 7. Counsel represent that Defendants do not oppose the motion and that withdrawal will not prejudice Defendants, will not undermine the administration of justice nor materially delay resolution of this case, and that Plaintiff's counsel has complied with the procedural requirements to bring this motion as set forth in the Local Rules. *Id.* at 8-9.

Mr. Kirakosian declares that, on February 25, 2026, the parties filed a joint report regarding the status of Plaintiff's criminal matter and, in that report, he "requested an extension of the stay, in part, on the grounds that Plaintiff is actively seeking to retain new legal representation." (Doc. 28-1 ¶ 7). Mr. Kirakosian states that, since January 2025,[1] he and other individuals from his office have made several attempts to speak with Plaintiff to determine whether he has obtained new counsel or whether he wishes to proceed pro se but Plaintiff "will not engage in any meaningful conversations with myself nor with any other individuals from my office." (Doc. 28-1 ¶ 11). Mr. Kirakosian represents that, since March 17, 2025,[2] his office has "made multiple attempts to communicate with Plaintiff to ascertain whether he has obtained new counsel, but Plaintiff has failed to respond" and that, on March 24, 2026, he "called Plaintiff

---

[1] The Court presumes counsel intended to state "since January [2026]," as the complaint was filed in August 2025. *See* (Doc. 1).

[2] The Court presumes counsel intended to state "since March 17, [2026] …"

again, twice, and he did not answer," as did another attorney with his office that day, and Plaintiff did not answer. *Id.* ¶¶ 12-13.

Mr. Kirakosian states that, on March 24 and March 27, 2026, his office notified Plaintiff via electronic mail that they would be filing a motion to withdraw. *Id.* ¶ 15. On March 27, 2026, Plaintiff's counsel met and conferred telephonically with Defendants' counsel regarding the motion to withdraw, and Defendants' counsel indicated that they would not oppose the motion. *Id.* ¶ 16.

**Governing Authority**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding

without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4).

**Discussion**

First, counsel's motion is deficient under Local Rule 182(d) it does not identify Plaintiff's last known address. Second, the motion is deficient under Local Rule 135 as it is not accompanied by a proof of service upon Plaintiff and there otherwise is no basis to conclude that Plaintiff has had an opportunity to review and respond to the motion and appear for the hearing.

Third, counsel provide insufficient details to permit the Court to adequately balance the equities in deciding whether to grant the relief requested based on the grounds asserted (a breakdown in communications). *See Carter*, 560 F.3d at 1113; *CE Res.*, 2009 WL 3367489, at \*2. Thus, for instance, although counsel's motion appears to implicate Cal. R. Prof. Conduct 1.16(b)(4), Mr. Kirakosian's declaration does not demonstrate that the recent breakdown in communications he attests to experiencing with his client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4).

For example, counsel declares that Plaintiff is actively seeking to retain new legal representation. However, counsel does not elaborate as to how and when Plaintiff conveyed this information to counsel or whether Plaintiff offered any explanation for his interest in retaining new counsel. *See* (Doc. 28-1 ¶ 7). Additionally, while counsel states that "several attempts" have been made to communicate with Plaintiff since January 2026 and that Plaintiff "will not engage in any meaningful conversations" with counsel, Mr. Kirakosian does not set forth the dates, times, and methods of these communications with Plaintiff, neither for himself nor for other individuals from his office. Nor does counsel provide whether Plaintiff responded to these communications and what is meant by "meaningful conversations." *See id.* ¶ 11.

Further, Mr. Kirakosian represents that, since March 17, 2026, his office has "made multiple

4

attempts to communicate with Plaintiff to ascertain whether he has obtained new counsel, but Plaintiff has failed to respond" and that, on March 24, 2026, he "called Plaintiff again, twice, and he did not answer," as did another attorney with his office that day, and Plaintiff did not answer. *Id.* ¶¶ 12-13. However, it is unclear whether the calls on March 24, 2026, are the sole attempts made by counsel to communicate with Plaintiff since March 17, 2026, or whether counsel attempted in other instances to communicate with Plaintiff, as counsel does not provide particulars for any other attempts to communicate with Plaintiff after March 17, 2026.

Lastly, Mr. Kirakosian states that, on March 24 and March 27, 2026, his office notified Plaintiff via electronic mail that they would be filing a motion to withdraw. *Id.* ¶ 15. However, counsel does not explain whether they received any response from Plaintiff to these communications.

In short, the sparse information provided in counsel's motion and declaration fails to explain with particularity the circumstances that resulted in the purported breakdown in communications. As counsel provides only general and conclusory assertions regarding any such breakdown, the Court is unable to sufficiently balance the equities in deciding upon the requested relief. Accordingly, counsel's motion to withdraw will be denied without prejudice.

Counsel may file a renewed motion to withdraw supported by an accompanying affidavit setting forth with sufficient particularity the circumstances counsel asserts support withdrawal. Counsel may include an accompanying application to seal, as appropriate, should they deem the information to be disclosed protectible under Local Rule 141 as privileged or otherwise. To be clear, the Court requires details about the circumstances prompting counsel to assert that communications have broken down, including among other details, the nature and format/form (*i.e.,* mail, email, telephone, text) of counsel's communications or attempted communications with the client, the dates and times on which counsel did or attempted to communicate with the client, the dates of any responses by the client, a description of what prompted the breakdown of communications, and the reasons (if known) for Plaintiff's refusal to engage with counsel "in any meaningful conversations," as well as an explanation of what that phraseology means.

///

**Conclusion and Order**

For the reasons stated above, counsel for Plaintiff's motion to withdraw (Doc. 28) is HEREBY DENIED without prejudice. Any renewed motion shall be supplemented with a supporting declaration of counsel and accompanying application to seal consistent with Local Rule 141, if appropriate, in which counsel provides additional details regarding the bases for withdrawal, as described above.

Additionally, any renewed motion to withdraw by counsel for Plaintiff shall set forth Plaintiff's last known address, be noticed for hearing, and be served upon Plaintiff. *See* Local Rules 135, 182.

IT IS SO ORDERED.

Dated:    **April 8, 2026**                                    _____

UNITED STATES MAGISTRATE JUDGE