UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN HAMILTON,<br><br>           Plaintiffs,<br><br>    v.<br><br>COUNTY OF KERN, *et al.*,<br><br>           Defendants. | Case No. 1:25-cv-00979-CDB<br><br>ORDER GRANTING COUNSEL FOR PLAINTIFF'S RENEWED MOTION TO WITHDRAW<br><br>(Doc. 32)<br><br>ORDER DIRECTING PLAINTIFF ELVIN HAMILTON TO NOTICE OF APPEARANCE OR STATEMENT OF INTENT TO PROCEED *PRO SE*<br><br>**21-Day Deadline**<br><br><u>Clerk of the Court to Update Docket and Mail Order to Plaintiff</u> |

**Background**

On August 7, 2025, Plaintiff Elvin Hamilton initiated this action with the filing of a complaint in which he asserts causes of action against Defendant County of Kern and others under 42 U.S.C. § 1983 and state law, arising out of a traffic stop that occurred on February 27, 2025. (Doc. 1 at 4-6).

On November 19, 2025, the Court granted Defendants' unopposed motion to stay proceedings pending the resolution of the criminal matter arising out of the same incident. (Doc. 22). On February 25, 2026, the parties filed a joint report providing that the criminal matter was

dismissed and that Plaintiff's counsel had recently learned that Plaintiff no longer wished to be represented by current counsel and was seeking to retain new counsel. (Doc. 24). On February 26, 2026, the Court, after considering the parties' representations and balancing the competing equities, lifted the stay and ordered the parties to appear for scheduling conference on March 17, 2026. (Doc. 25). On March 17, 2026, Plaintiff's counsel and Defendants' counsel appeared by videoconference and the Court, at the request of the parties, continued the scheduling conference to permit time for Plaintiff to retain new counsel and file a notice of appearance. (Doc. 27).

On March 30, 2026, the law firm of Kirakosian Law, APC, counsel for Plaintiff, filed a motion to withdraw as counsel, supported by a declaration from Gregory L. Kirakosian. (Docs. 28, 28-1). In their motion, counsel asserted that withdrawal is warranted under California Rule of Professional Conduct 1.16(b)(4) because Plaintiff's persistent failure to communicate with counsel has rendered it unreasonably difficult to carry out the representation effectively. (Doc. 28 at 6). On April 8, 2026, the Court denied the motion without prejudice for counsel's failure to explain with particularity the circumstances that resulted in the breakdown in communications. (Doc. 29).

Pending before the Court is counsel for Plaintiff's renewed motion to withdraw. (Doc. 32). The Court held a hearing on the motion on May 15, 2026. Counsel Astina Shakilyan appeared on behalf of Plaintiff and Alexandria Ottoman appeared on behalf of Defendants. Plaintiff Hamilton did not appear. (Doc. 33). In the renewed motion, counsel for Plaintiff identifies the last known address and contact information for Plaintiff and represents that the motion was served by email and mail to Plaintiff's last known address. (Doc. 32-1 ¶ 30; Doc. 32-3); *see* (Doc. 32 at 5; Doc. 32-1 ¶ 27). Counsel's motion is unopposed. (Doc. 32-1 ¶ 29).

The motion and Mr. Kirakosian's accompanying declaration provide that, on October 22, 2025, Mr. Kirakosian spoke with Plaintiff by telephone regarding evidence and the criminal case and Plaintiff told counsel he no longer wished to be represented by the firm. Mr. Kirakosian attests that "[a]pproximately one week later," he called Plaintiff to follow up and Plaintiff again insisted he did not want counsel to continue their representation. (Doc. 32 at 3; Doc. 32-1 ¶¶ 7-8). Counsel provides only a date range between November 2025 and January 2026, asserting

that Mr. Kirakosian had "numerous telephone conversations with Plaintiff, approximately every two-to-three weeks," on the criminal case and Plaintiff's efforts to retain new counsel; Plaintiff "consistently stated he was actively seeking new counsel." (Doc. 32 at 3; Doc. 32-1 ¶ 9).

On January 15, 2026, during a phone call, Plaintiff reiterated he was not interested in counsel representing him and "requested copies of the case evidence so that he could provide them to prospective new counsel." (Doc. 32 at 3; Doc. 32-1 at ¶ 10). On February 2, 2026, Plaintiff emailed counsel asking "various questions that he believed would assist him in finding new counsel"; Mr. Kirakosian attets that he "promptly responded to Plaintiff's email with the requested information." (Doc. 32 at 4; Doc. 32-1 ¶ 11). On February 15, 2026, Mr. Kirakosian contacted Plaintiff by telephone regarding the criminal case and Plaintiff reiterated he did not want counsel representing him in this matter, stating he was going to retain new counsel shortly. (Doc. 32 at 4; Doc. 32-1 ¶ 12).

Mr. Kirakosian states that, since "on or about February 15, 2026, Plaintiff has ceased all meaningful communication with [counsel's] office," meaning Plaintiff "has not responded to phone calls, returned voicemails, has not engaged in any substantive discussion on the case, and has not provided any information" regarding retainer of new counsel or any intent to proceed pro se. (Doc. 32-1 ¶ 17). "After numerous phone calls were not being answered, [counsel's office] sent text messages on March 17 and March 24, 2026, and emails on March 24 and March 27, 2026, to which Plaintiff has not responded to any of Counsel's attempts to communicate. On March 24, 2026, Counsel called Plaintiff twice and none of these calls were answered." An attorney from counsel's office called Plaintiff that same day, and the call was not answered. "Counsel's office sent Plaintiff emails on March 24 and March 27, 2026, notifying him that [they] intended to file a motion to withdraw. The emails were not returned as undeliverable and Plaintiff did not respond to either email." (Doc. 32 at 4-5; Doc. 32-1 ¶ 18-20).

On April 9, 2026, Mr. Kirakosian attempted to call Plaintiff to discuss the scheduling conference but Plaintiff did not respond; Mr. Kirakosian sent a text and an email to Plaintiff, explaining that the conference had taken place and that counsel would file a motion to withdraw, and that Plaintiff should appear at the hearing date on counsel's motion. Plaintiff responded

only to the email, stating he had not found an attorney and counsel should move forward with withdrawal.  (Doc. 32 at 5; Doc. 32-1 ¶ 24-26).

### Governing Authority

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  "[I]n ruling on a motion to withdraw, courts have looked at several factors including: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case."  *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing cases, and noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules.  Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw.  *Id*.  The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw.  *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules."  *Id*.  The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court.  Cal. R. Prof. Conduct 1.16(c).  Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules.  Cal. R. Prof. Conduct 1.16(d).  Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. R. Prof. Conduct 1.16(b)(4).

///

**Discussion**

Based on its consideration of counsel for Plaintiff's motion, the supporting declaration of Mr. Kirakosian, and discussion with the parties during the motion hearing, the Court finds counsel for Plaintiff have provided good cause to withdraw under the California Rules of Professional Conduct. The motion papers reflect that a breakdown in the attorney-client relationship has occurred despite counsel's repeated attempts to engage with Plaintiff Hamilton since October 2025, rendering it unreasonably difficult for counsel for Plaintiff to effectively represent their client. The motion papers reflect that Plaintiff Hamilton does not object to their withdrawal.

Counsel has complied with the notice requirements in Local Rule 182(d). Specifically, counsel provided Plaintiff Hamilton with notice of the motion and copies of the motion papers. (Doc. 32-3). Counsel also provided in the motion papers the current or last known address of Plaintiff Hamilton. (Doc. 32 at 5). Defendants do not oppose the motion. (Doc. 32-1 ¶ 29). The Court also notes that there is no indication granting withdrawal will cause any prejudice to any litigant, to the administration of justice, or delay the resolution of the case.

Thus, the Court will grant Plaintiff's counsel's motion to withdraw as counsel for Plaintiff Hamilton.

Further, as Plaintiff Hamilton now proceeds in this action *pro se*, the Court will direct him to file a notice of appearance by any attorney who will represent him, or otherwise, a statement of Plaintiff Hamilton's intent to proceed *pro se* and continue litigating this case consistent with the operative scheduling order.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. The motion of Kirakosian Law, APC, to withdraw as counsel for Plaintiff Elvin Hamilton (Doc. 32) is GRANTED;

2. The Clerk of the Court is directed to terminate Astina Shakilyan, Gregory Kirakosian, and the law firm of Kirakosian Law, APC, as counsel of record for Plaintiff Elvin Hamilton;

3. Astina Shakilyan, Gregory Kirakosian, and the law firm of Kirakosian Law,

APC, SHALL comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees, if any;

4.  Plaintiff Elvin Hamilton is substituted-in pro se and is DIRECTED to comply with all rules of Court and all hearing dates (*see* Docs. 4, 31);

5.  The Clerk of the Court is DIRECTED to enter the following contact information for Plaintiff Hamilton's address of record:

    Elvin Hamilton
    43400 32nd Street West, Apt 204
    Lancaster, CA 93536

6.  The Clerk of the Court is DIRECTED to serve this order on Plaintiff Hamilton by mail.

7.  Plaintiff Hamilton shall file **no later than June 23, 2026**, either a notice of appearance by any attorney who will represent him, or otherwise, a statement of Plaintiff Hamilton's intent to proceed *pro se* and continue litigating this case consistent with the operative scheduling order.

IT IS SO ORDERED.

Dated:    **June 2, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

6