UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN HAMILTON, | Case No. 1:25-cv-00979-CDB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS |
| v. | |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | (Doc. 34) |
| | **14-DAY DEADLINE** |

Plaintiff Elvin Hamilton ("Plaintiff") initiated this action with the filing of a complaint on August 7, 2025.  (Doc. 1).

On June 2, 2026, the Court granted counsel for Plaintiff's motion to withdraw from representation.  (Doc. 34).  Therein, the Court ordered Plaintiff Hamilton to file, no later than June 23, 2026, either a notice of appearance by any attorney who will represent him or, otherwise, a statement of Plaintiff's intent to proceed pro se and continue litigating this action consistent with the operative scheduling order.  *Id.* at 6.  The order was served upon Plaintiff by U.S. mail. *See* dkt. at 6/2/2026 ("service by mail").

As of the date of this order, Plaintiff has not filed any response to the Court's order and the deadline to do so has passed.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

1

"[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for failure to comply with the Court's orders. Plaintiff may comply with this order, in the alternative, by filing by that same date, either a notice of appearance by any attorney who will represent him or, otherwise, a statement of Plaintiff's intent to proceed pro se and continue litigating this action consistent with the operative scheduling order

**Any failure by Plaintiff to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and failure to obey the Court's orders**.

IT IS SO ORDERED.

Dated:    **June 25, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2